Taliaferro, J.
This case was before us at the July term of this court 1872, and was then remanded for further proceedings. See 24 An. 518.
When the case was again taken up in the court below the executors of Hart, present possessors, after the general issue urge again the exceptions previously filed, and which were overruled by this court in July, 1872. They further admit that the land they are in possession of forms part of the land originally mortgaged by Mason to the Planters’ Association, allege that their testator bought the same from Calderwood, and pray that the heirs of Calderwood he called in warranty. This prayer for the call in warranty was refused. Mrs. Mason adopted the defenses set up by Hart and others, as to the description of property, etc. She further pleads the prescription of three, five and ten years j on the part of the other defendants, the prescription of one, three, five and ten years against the plaintiff’s demand'and the prescription of ten years against the failure to reinscribe the mortgage originally recorded, April 17, 1830.
The plaintiff had judgment for the amounts claimed, with recognition of the mortgage right asserted, accompanied with an order that the mortgaged premises as described in the act oí mortgage be seized and sold, Deing the same now in the possession of the executors of James Hart, and the venders of James Hart and of his estate acquired *536 by James Hart from John Calderwood, by deed dated twenty-sixth September, 1866, a copy of which is annexed to the answer of Joseph W. Locke and Benjamin Hart.
From this judgment the defendants have appealed.
It is not important to examine the bills of exception presented by the record. In relation to the issues made in the lower court, three questions are presented :
First — Did the judge a quo err in refusing the call in warranty 9
Second — Can defendants avail themselves of the fact that the mortgage had not been reinscribed within the ten years next preceding the date of their purchase?
Thwd — Is the debt prescribed ?
We are of the opinion that each of these questions must receive a negative answer.
The peculiar principles upon which the Consolidated Association of the Planters of Louisiana was organized, the important purposes it was intended to subserve, and the enduring character which was required to be given to it, rendered it essentially necessary that the enforcement of its obligations should not be defeated or delayed by pleas and defenses admissible in regard to ordinary hypothecations. The important interests of the State too, were to be protected. It is a prominent feature in the charter of the association that no future change of ownership or possession of the property mortgaged to secure the stock subscribed or the loan made, should ever prevent or delay the enforcement of the mortgage against the property, to collect whatever sum might be due by the original mortgager. It was on those conditions that the State became the indorser on the bonds issued by this association in 1828. Acts of 1828, p. 32. Hence the charter provides specially against delays and impediments in collecting its dues in the prompt manner provided for. There is then no place for delays, for calls in warranty, nor operation of prescription of its debts or peremption of its mortgages. Provisions to this effect are found in sections 22, 24 and 25, of the act incorporating the association j Charter of sixteenth March, 1827, and amendatory act of nineteenth February, 1828, prescribing the terms of the mortgage, etc. See Civil Code, article 3333, amended by act of 1842, which declares “ that the rule requiring the reinscription of mortgages at the expiration of ten years from date of their registry, shall not apply to the mortgages which have been or may be given by the stockholders of the various property banks of this State.”
We think the judgment appealed from correct.
Judgment affirmed.
Rehearing refused.